IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

Nos. 95-10156 and
95-10437
Summary Calendar
_____

OLLIE DAILEY,

Plaintiff-Appellant,

versus

LTV AEROSPACE & DEFENSE CO.,

Defendant-Appellee.

*******************************************************************

OLLIE DAILEY,

Plaintiff-Appellant,

versus

VOUGHT AIRCRAFT COMPANY,

Defendant-Appellee.

_____

Appeals from the United States District Court for the
Northern District of Texas
(3:91-CV-1327-X & 3:94-CV-325)

_____

March 13, 1996
Before JOLLY, JONES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Through piecemeal filings with the Equal Employment
Opportunity Commission ("EEOC") over a period of several years on

[*]Pursuant to Local Rule 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

some charges, and failure to file with the appropriate administrative agency on others, appellant Ollie Dailey created a legal and procedural morass for the trial court. We find that the district court maneuvered through that morass with precision, and therefore affirm in all respects the judgments and rulings of the district court that are the subject of this appeal.

I

Since 1990, Dailey has brought three suits against Vought and its predecessor, LTV, for violations of employment-related statutes.

A

The first, Dailey v. LTV Aerospace & Defense Co., No. 95-10156 ("Dailey I"), alleged Vought discriminated against Dailey on account of his race and disability, retaliated against him because he complained of discrimination, and intentionally inflicted emotional distress upon him. Dailey also sought to recover damages pursuant to the Civil Rights Act of 1991 (the '91 Act). In Dailey I, the district court:

> -dismissed Dailey's claims arising under the '91 Act, holding that the discriminatory conduct at issue occurred before passage of the '91 Act (September 7, 1993);
>
> -struck Dailey's final supplemental complaint, filed without leave of court, on the basis that the discrimination claims relating to Dailey's July 1993 layoff (the reason for the supplemental complaint) were too remote in time to the October 1990 actions alleged in the original complaint, and that no EEOC charge had been filed on those claims (November 4, 1993);

-denied Dailey's second attempt to file the same supplemental complaint a few days before the pretrial conference (December 14, 1993);

-entered summary judgment in favor of Vought on Dailey's claims for intentional infliction of emotional distress and violation of the Rehabilitation Act (November 9, 1993);

-dismissed Dailey's claim under the ADA, without prejudice, to allow completion of the administrative process (November 9, 1993); denied motion for reconsideration of that dismissal (December 17, 1993);

-removed Dailey's case from the jury docket because Dailey's remaining claims arose before the effective date of the '91 Act, and Dailey had not made a timely attempt to amend his previous charge of race discrimination to include his October 1992 attempt to return to work (December 17, 1993);

-after trial on the merits of Dailey's claims, made findings of fact and conclusions of law dismissing Dailey's remaining claims and entering final judgment for Vought (January 6, 1995).[1]

B

In his second lawsuit, filed on February 18, 1994 ("Dailey II"), Dailey alleged Vought laid him off as the result of race discrimination and retaliation in violation of Title VII. Two months after he filed the second suit, Dailey attempted to amend his complaint to include claims that Vought violated the ADA, Title VII, and 42 U.S.C. § 1981, when it failed to return him to work in October of 1992. Before the district court could rule on this motion to amend, Dailey withdrew it and filed a third action ("Dailey III") asserting his ADA, Title VII and § 1981 claims.

---

[1]This court has jurisdiction to hear Dailey's appeal from this final judgment pursuant to 28 U.S.C. § 1291.

<u>Dailey II</u> and <u>Dailey III</u> were subsequently consolidated, and transferred to the same judge who had heard <u>Dailey I</u>.

In January 1995, the district court ruled as follows in the consolidated action (<u>Dailey II</u> and <u>III</u>)[2]:  1) Dailey presented no more evidence of discrimination than he had presented during the trial of <u>Dailey I</u> in support of his layoff claims, and his evidence was therefore insufficient to demonstrate discrimination; 2) Dailey and his counsel failed to conduct a reasonable inquiry into the facts before filing <u>Dailey II</u> challenging Dailey's layoff, and sanctions against both Dailey and his counsel were therefore appropriate; 3) Dailey's Title VII claim challenging the defendants' refusal to allow him to return to work in October of 1992 (asserted in <u>Dailey III</u>) had already been disposed of in <u>Dailey I</u>; 4) Dailey's § 1981 claim challenging the defendants' refusal to allow him to return to work in October of 1992 asserted in <u>Dailey III</u> was barred as it could have been asserted in <u>Dailey I</u>; and 5) sanctions under Rule 11 were appropriate against both Dailey and his counsel for filing <u>Dailey III</u>.

In April 1995, the district court granted Dailey's motion to sever and entered final judgment in <u>Dailey II</u> and on the claims in <u>Dailey III</u> alleging Title VII and § 1981 violations.  Dailey's

---

[2]These rulings are the subject of Appeal No. 95-10437, the second of Dailey's two consolidated appeals.

remaining ADA claim in Dailey III is currently pending before the district court.[3]

## II

Dailey now appeals, challenging most of the rulings of the district court over the course of the litigation described above. Dailey argues that the district court: 1) should have allowed him to amend his complaint in Dailey I to include additional Title VII claims, because he either did not need to exhaust his administrative remedies or, if he needed to exhaust his remedies, he had done so; 2) should not have dismissed (without prejudice) his ADA claims from Dailey I; 3) should not have removed Dailey I from the jury docket on the ground that there were no post-'91 Act allegations properly before the court; 4) should not have denied Dailey the right to a jury trial in Dailey I; 5) should not have dismissed Dailey's Title VII and § 1981 claims in Dailey II and III; and 6) should not have imposed sanctions for attempting to bring the claims in Dailey II and III that the district court held were without merit, or barred by res judicata.

We have reviewed the record, record excerpts, rulings of the district court, and briefs of the party. Although this litigation has followed an agonizing (and not yet completed) pathway to reach this

---

[3]Pursuant to Rule 54 of the Federal Rules of Civil Procedure, Dailey sought and was granted severance and issuance of a final judgment of the dismissal and sanctions orders in the second and third suits. See Order of the District Court of April 12, 1995. This court therefore has jurisdiction over the appeal of those matters pursuant to 28 U.S.C. § 1291.

appeal, in large part because of the careless pleading of the plaintiff, we find that the district court has committed no reversible error in its rulings.  We therefore AFFIRM.

A  F  F  I  R  M  E  D.